Robert E. Sabido, OSB No. 964168
rsabido@cosgravelaw.com
Shane P. Swilley, OSB No. 053909
swilley@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
888 SW Fifth Avenue, 5th Floor
Portland, Oregon 97204
Telephone:   (503) 323-9000
Facsimile:    (503) 323-9019

        Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| RIGOBERTO PORRAS,<br><br>        Plaintiff,<br><br>    v.<br><br>VIAL FOTHERINGHAM LLP, and ANDREA MONTAG,<br><br>        Defendants. | Case No. 3:13-cv-00699-BR<br><br>**DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES** |

### I.   PLAINTIFF'S CLAIMS

**A.   Fair Debt Collection Practices Act ("FDCPA") Claims**

Plaintiff claims that defendants violated the FDCPA by (1) "attempting to collect the debt from escrow, without providing notice of plaintiff's right to dispute the debt," 15 U.S.C. §1692g(a); and (2) "attempt[ing] . . . to collect the debt, which was not owed by plaintiff," 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f & 1692f(1).  (*See* Second Amended Complaint ("Complaint") [Dkt. 53], ¶¶16-17).

> **1.   Defendants are entitled to summary judgment because the amounts at issue do not fit the FDCPA's definition of "debt."**

The FDCPA applies only to a "debt," which is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a *transaction* in which the money, property, insurance, or services which are the subject of the transaction are primarily for *personal, family or household purposes*, whether or not such obligation has been reduced

Page 1 -  **DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES**                             2282521

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

to judgment." 15 U.S.C. §1692a(5) (emphasis added). Here, the amounts at issue were used to maintain common areas and to pay the HOA's operating expenses, which are *not* primarily for personal, family or household purposes. (*See* Ex. 22 [Dkt.105-1] at §10.1 (assessments used to cover operating expenses) & §10.4 (assessments are an equal allocation of operating expenses)).

Additionally, the late fees, collection charges, interest and attorney fees collected did not arise out of a "transaction" because they were involuntarily assessed against plaintiff. (S*ee* Defendants' Motion for Partial Summary Judgment ("Defs. MSJ") [Dkt. 109], pp. 5-7; Defendants' Reply in Support of Motion for Partial Summary Judgment ("Defs. Reply") [Dkt. 129], pp. 4-9; and Defendants' Response to Plaintiff's Motion for Summary Judgment. ("Defs. Response") [Dkt. 111], pp. 26-29). Without a "debt," the FDCPA does not apply and the court need not consider the other arguments relating to this claim.

### 2. Defendants are entitled to summary judgment on plaintiff's claim that defendants violated §1692g(a) of the FDCPA.

15 U.S.C. § 1692g(a) requires that:

> "Within five days after the *initial communication* with a *consumer* in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing [the items of information specified in the statute]." (Emphasis added).

This section of the FDCPA was not triggered by sending the payoff quote to the title company. First, a communication with the title company is not a communication with a "consumer," which is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The title company is neither a natural person nor is it obligated (or allegedly obligated) to pay the payoff quote. Second, 15 U.S.C. § 1692g(a) is not triggered by an unsolicited communication initiated by someone other than plaintiff. Third, defendants' "initial communication" with plaintiff occurred with the December 7, 2009 letter, which included the information required by §1692g(a). (Amended Joint Statement of Material and Disputed Facts ("Amd. Joint Stmt.") [Dkt. 135], ¶ 42; Ex. 5 [Dkt. 101-5]; Defs. MSJ at 11-12; Def's Reply at 4-9).

Page 2 - **DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES**                                    2282521

Plaintiff argues for the first time in his summary judgment briefing that defendants also violated 15 U.S.C. § 1692g(*b*). But that claim cannot be raised for the first time on summary judgment and, in any event, would be time-barred. (Def's Reply at 22-23).

### 3. Plaintiff's claims that defendants violated §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10) and 1692f, 1692f(1)

Plaintiff asserts two theories to support his claim that defendants violated §§1692e and 1692f (and certain subparts) of the FDCPA: (1) defendants lacked the authority to collect the attorney fees and costs paid from escrow because "the HOA failed to adopt a schedule of charges required by O.R.S. 94.630(1)(n) that would permit imposition of charges for attorney fees incurred in collecting past due assessments without suit or action," (Complaint at ¶¶ 12-13 & 17); and (2) at the time the payoff quote was provided to the title company, a settlement had been reached that zeroed the balance on plaintiff's account through 2011. (*Id.* at ¶¶ 10-12 & 17).

####    a. Defendants are entitled to summary judgment on plaintiff's theory that defendants lacked the authority to collect the attorney fees and costs paid from escrow.

#####    i. Barred by claim preclusion and issue preclusion

The issue of whether the HOA and its agents (defendants) had authority to collect the amounts at issue in this case (including whether the HOA adopted a schedule of charges required by O.R.S. 94.630(1)(n)) was litigated (or could have been litigated) in the underlying Collection Action against plaintiff and his wife, for the reasons articulated on pages 7-10 of defendants' motion, and pages 9-12 of defendant's reply. Accordingly, that issue cannot be re-litigated in this case. If the court agrees, it need not consider the next section.

#####    ii. Four sources of authority to collect the attorney fees and costs paid from escrow.

Source #1: O.R.S. 94.630(1)(n)(B) allowed the HOA to pass the Collection Resolution, which expressly provides that "*all legal fees and costs* incurred in the collection of a delinquent account shall be assessed against the delinquent Owner [plaintiff] and shall

Page 3 - **DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES**                    2282521

be collected as an assessment as provided in the Bylaws, the Declaration, and the Act." (Amd. Joint Stmt. at ¶ 30; emphasis added). Defendants had the right to rely on the HOA declarant's (Mr. Huttula) representations that it had the authority to pass, and did pass, the Collection Resolution. *See Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006).

Source #2: Under O.R.S. 94.709, the HOA automatically had a statutory lien on the property once assessments were levied, and that lien automatically accrued any "interest, late charges, attorney fees, costs or other amounts imposed under the declaration or bylaws or other recorded governing document." O.R.S. 94.709(1).

Source #3: The HOA also had a lien under Section 10.8 of the CC&Rs. After the HOA filed a Notice of Lien on September 25, 2009, that lien also automatically accrued all interest, late charges, attorney fees, costs and other amounts plaintiff owed to the HOA. (Amd. Joint Stmt. at ¶¶ 10, 40-41). The HOA's liens under O.R.S. 94.709 and Section 10.8 of the CC&Rs were not extinguished when the HOA obtained a default judgment, as plaintiff contends. (*See* Defs. Response at 19-20).

Source #4: O.R.S. 94.704(8) authorized the HOA to assess exclusively against plaintiff's property the attorney fees and costs incurred by the HOA as a result of plaintiff and his wife failing to pay the assessments owed to the HOA.

   **b. Plaintiff is not entitled to summary judgment on his FDCPA claims because there was no settlement.**

A settlement between plaintiff and the HOA was never reached because of disagreement on *three* material terms: (1) the scope of the release; (2) what would happen if plaintiff failed to make the settlement payments; and (3) what would happen if plaintiff failed to stay current on future assessments. (*See* Defs. Response at 22-23; Montag Decl. [Dkt. 113] at ¶ 2, Ex. G, p. 2, §§ 1.1(a), 2.2 & 2.4). Plaintiff's continued attempts to negotiate additional terms *after* he sold his property is further evidence that there was no "meeting of the minds" and, therefore, no settlement. (*See* Ex. 13 at 31-48). Statements made by defendants regarding a settlement, and the fact that payments made by plaintiff

Page 4 -  **DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES** 2282521

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

were applied to his account in a manner consistent with the parties' settlement discussions, do not prove a settlement on the terms alleged. (*See* Defs. Response at 25-26). Accordingly, plaintiff's second theory of liability fails. At the very least, significant issues of material fact preclude summary judgment on plaintiff's claims to the extent they are based on breach of an alleged settlement.

### c.  Plaintiff's newly raised 15 U.S.C. § 1692e claim

Plaintiff asserts, for the first time in his summary judgment motion, that defendants violated §1692e by charging him a $25.00 payment processing charge in September and October of 2010. (Pltf. MSJ [Dkt. 103] at 47). This new claim cannot be raised for the first time on summary judgment and, in any event, would be time barred. (*See* Defs. Response at 33-34).

### d.  Plaintiff's newly raised 15 U.S.C. § 1692f claims

Plaintiff asserts, for the first time in his summary judgment motion, that defendants violated §1692f by (1) taking money that was not owed; (2) not telling plaintiff's attorney about the payoff quote; (3) not providing an updated payoff; and (4) not crediting plaintiff for the $733.38 he paid. (Pltf. MSJ at p. 48). Again, plaintiff cannot raise these new claims for the first time on summary judgment. And, even if allowed (which it shouldn't be), plaintiff would not be entitled to summary judgment on these claims for the reasons discussed on pages 34-35 of defendants' response to plaintiff's motion [Dkt. 111].

### e.  Plaintiff is not entitled to a summary award of damages.

#### i.  *Statutory damages*

FDCPA statutory damages are discretionary. *See Clomon v. Jackson*, 988 F.2d 1314, 1322 (2nd Cir. 1993). In deciding whether to award statutory damages, the court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. §1692k(b)(1). Plaintiff is not entitled to a summary award of statutory damages because (1) he fails to establish a violation of the FDCPA as a matter of law; and (2) in any

Page 5 -  **DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES**    2282521

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

event, he fails to present any evidence for each of the §1692k(b)(1) factors.  (*See* Defs. Response at pp. 36-37).  Even if plaintiff could be awarded statutory damages on summary judgment, he would not be entitled to a separate award against each defendant for the reasons discussed on pages 37-38 of Defendants' Response.

### ii. Actual damages

Plaintiff asks the court to summarily award him economic damages.  The court cannot do this because (1) again, plaintiff fails establish a violation of the FDCPA as a matter of law; and (2) in any event, plaintiff provides no calculation, explanation, or evidence from which the court could determine those damages with certainty, as required by law. *See Teeples v. Tolson*, 207 F. Supp. 212, 214 (D. Or. 1962); *Parker v Harris Pine Mills*, 206 Or. 187, 197, 291 P.2d 709 (1955).

**B.     UNLAWFUL DEBT COLLECTION PRACTICES ACT ("UDCPA") CLAIM**

Plaintiff claims that defendants violated the UDCPA by (1) "seizure of the monies from escrow when the funds were not owed," O.R.S. 646.639(2)(k)"; and (2) "adding of attorney fees to the debt and other charges for an amount claimed due . . . without the right to do so," O.R.S. 646.639(2)(k), (m) & (n).  (Complaint at ¶¶ 22-23).

In his summary judgment motion, plaintiff asserts for the first time that defendants also violated the UDPCA by demanding money from escrow as a remedy for plaintiff's breach of the alleged settlement, instead of suing for breach of contract.  Again, plaintiff cannot raise that claim for the first time on summary judgment and, in any event, the claim would be time-barred.  (*See* Def's Reply at 24-25).

### 1. Defendants are entitled to summary judgment because the UDCPA does not apply.

Each of plaintiff's UDCPA claims (even the ones he attempts to raise for the first time on summary judgment) are, in essence, disputes over the existence and/or amount of the alleged debt, or over the validity of the alleged debt.  As a matter of law, the UDCPA does not apply to such claims.  (*See* Defs. MSJ at 12-13; Defs. Response at 38-44; Defs.

Page 6 -  **DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES**                                2282521

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

Reply at 24-25). If the court agrees, it need not consider the other arguments below relating to the UDCPA claims.

### 2. Defendants are entitled to summary judgment because the amounts collected are not a "debt" subject to the UDCPA.

The UDCPA's definition of a "debt" does not materially differ from the FDCPA's definition. *See* O.R.S. 646.639(1)(a), (b) & (e). Thus, for the reasons discussed above in section I.A.1., the amounts at issue do not fit the definition of "debt" and, therefore, the UDCPA does not apply. (*See* Defs. MSJ at 5-7, 13-14; Def's Reply at 4-9, 24). If the court agrees, it need not consider the other arguments below relating to the UDCPA claims.

### 3. Plaintiff's theories for liability for his UDCPA claim

Just like his FDCPA claim, plaintiff claims that defendants violated the UDCPA because (1) they had no authority to collect attorney fees and costs included in the escrow demand, and/or (2) plaintiff settled the amounts collected. (Complaint at ¶¶ 21-23). Thus, for the same reasons discussed above in section I.A.3., defendants are entitled to summary judgment on the first theory, and there is a question of material fact precluding summary judgment on the second theory. (*See also* Defs. Response at 41-42).

Again for the first time on summary judgment, plaintiff asserts that defendants violated O.R.S. 646.639(2)(m) by representing in the payoff quote that plaintiff owed attorney fees that could not legally be added to the debt. (Pltf. MSJ at 29). But, again, plaintiff cannot raise this new claim for the first time on summary judgment. In any event, this belatedly-raised claim constitutes a challenge to the validity of underlying debt to which the UDCPA does not apply. (*See* Defs. MSJ at 12-13; Defs. Response at 38-44; Defs. Reply at 24-25). Moreover, the purported claim for violation of O.R.S. 646.639(2)(m) would fail as a matter of law because the statute prohibits representing that "an existing debt may be *increased* by the addition of attorney fees, investigation fees or any other fees," and the payoff quote here did not state that it would be *increased* by any fees. (*See* Ex. 16 [Dkt. 101-16]).

Page 7 - **DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES**                               2282521

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

## C. MONEY HAD AND RECEIVED OR CONVERSION CLAIM

Plaintiff's "money had and received or conversion" claim alleges that defendants' "actions constitute an intentional and wrongful taking of plaintiff's money and entitle him to the economic and punitive damages alleged herein." (Complaint ¶ 29). The test for a money had and received claim is "whether the defendant, in equity and good conscience, is entitled to retain the money to which the plaintiff asserts claim." *Smith v. Rubel*, 140 Or. 422, 426 (1932). Conversion requires proof of an *intentional* exercise of dominion or control over property which so seriously interferes with the right of the plaintiff to control it that the defendants should be required to pay the full value of the property. *State v. Labar*, 259 Or. App. 334, 337 (2013).

Plaintiff fails to identify *any* admissible evidence in the summary judgment that proves, as a matter of law, that defendants were acting with specific intent to exercise dominion or control over property belonging to him; or that defendants, in equity and good conscience, should return the money paid from escrow. Accordingly, he is not entitled to summary judgment on this claim.

## D. PUNITIVE DAMAGES

Defendants are entitled to summary judgment on plaintiff's punitive damages claims because (1) as a matter of law, punitive damages are unconstitutional in Oregon; and (2) plaintiff has no evidence to support recovering such damages in this case.

### 1. *Punitive damages are unconstitutional in Oregon.*

Article VII (Amended), section 3, of the Oregon Constitution prohibits the judicial review of a punitive damages award, which the Due Process Clause of the Fourteenth Amendment requires. The Supremacy Clause does not resolve this conflict because punitive damages are not a right; they are a type of damages created by statute. *See DeMendoza v. Huffman*, 334 Or. 425, 443-47, 51 P.3d 1232 (2002. The only way this conflict can lawfully be resolved is by a vote of the people to amend the Oregon Constitution. *See* Art IV, § 1 (providing people's power to amend the constitution through

Page 8 - **DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES**                           2282521

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

initiative petition); Article XVII, § 2(1) (providing the legislature's power to refer a proposed amendment to people). Until that happens, punitive damages are unconstitutional in Oregon.

### 2. No evidence to support recovering punitive damages

In response to defendants' motion for summary judgment on his punitive damages claims, plaintiff was required to come forward with specific admissible evidence from which a reasonable juror could conclude that defendants (1) acted with "malice" or (2) "has shown a reckless and outrageous indifference to a highly unreasonable risk of harm *and* has acted with a conscious indifference to the health, safety and welfare of others." O.R.S. 31.730(1) (emphasis added). Malice requires proof of the "intentional doing of a wrongful act [by defendants], without cause or excuse *and* with intentional disregard of the social consequences." *Blades v. White Motor Credit Corp.*, 90 Or. App. 125, 130, 750 P.2d 1198 (1988). The element of "outrageous indifference" requires proof of conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Kraemer v. Harding*, 159 Or. App. 90, 110, 976 P.2d 1160, *rev den*, 329 Or. 357, 994 P.2d 124 (1999). The summary judgment record is devoid of any evidence supporting either element. Accordingly, defendants are entitled to summary judgment on plaintiff's punitive damages claims.

## II. DEFENDANTS' AFFIRMATIVE DEFENSES

### A. Bona Fide Error Defense

Plaintiff seeks summary judgment on defendants' bona fide error defense. This defense applies only if plaintiff is first able to prove a violation of the FDCPA. If he does, defendants can still avoid liability if the violation was (1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the error. *See* 15 U.S.C. § 1692k(c).

Page 9 - **DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES**    2282521

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

On the first element, defendant Montag's declaration shows that she did not intend to violate the FDCPA. (Montag Decl. at ¶ 8). On the second and third elements, defendants (1) reasonably relied on the HOA's represented authority to charge plaintiff the amounts collected; (2) attempted to update the payoff before plaintiff sold the property(*see* Zimmerman Decl. [Dkt. 114], ¶ 7); and (3) followed its accounting procedures (*Id.* at ¶¶ 3-5, Ex. J). (*See* Defs. Response at 56). This is sufficient to prove the affirmative defense. At the very least, genuine issues of material fact preclude summary judgment on this defense.

### B.  Other Affirmative Defenses

Plaintiff offers no evidence or argument to support summary judgment on defendants' other affirmative defenses. Thus, that part of his motion should be denied.

DATED: April 3, 2015

COSGRAVE VERGEER KESTER LLP

/s/ Robert E. Sabido
Robert E. Sabido, OSB No. 96416
rsabido@cosgravelaw.com
Shane P. Swilley, OSB No. 053909
swilley@cosgravelaw.com
Telephone: (503) 323-9000
Fax: (503) 323-9019

Attorneys for Plaintiffs

Page 10 - **DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES**    2282521

Cosgrave Vergeer Kester LLP
Attorneys
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204
Telephone: (503) 323-9000 Facsimile: (503) 323-9019

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **DEFENDANTS' SUMMARY OF CLAIMS AND DEFENSES** on the date indicated below by:

☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐ hand delivery,

☐ facsimile transmission,

☐ overnight delivery,

☒ electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the document(s) generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney(s) at the address(es) listed below:

Mark G. Passannante
Broer & Passannante PS
1001 SW 5th Ave., Ste. 1220
Portland, OR 97204
    AND
Bret Knewtson
Attorney at Law
3000 NW Stucki Pl, Suite 230-M
Hillsboro, OR 97124
    Attorneys for Plaintiff

DATED: April 3, 2015

/s/ Shane P. Swilley
Shane P. Swilley

Page 1 - **CERTIFICATE OF SERVICE**

2282521