Bret Knewtson, OSB 03355
Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com

Mark G PassannanteOSB 944035
Broer&Passannante, P.S.
1001 SW Fifth Avenue, #1220
Portland, Oregon 97204
Phone: (503)294-0910
Fax: (503) 243-2717
Markpassannante@msn.com
          Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| RIGOBERTO PORRAS,<br>        Plaintiff,<br>   vs.<br>VIAL FOTHERINGHAM LLP et al.,. | Case No.: 3:13-cv-00699-BR<br><br>PLAINTIFF'S SUMMARY OF CLAIMS AND DEFENSES |

### I.    OUDCPA CLAIM FOR RELIEF

Common Elements that must be proved:   That plaintiff is a consumer, the defendants are debt collectors, and that the defendants were collecting or attempting to collect a debt from plaintiff.

Facts to support the above elements:   That defendants are a debt collector is undisputed. Fact 1.  That plaintiff is a natural person is admitted in the Answer.  That plaintiff purchased his home at Oak Hills for personal, family or household purposes is undisputed.  Fact 17. That the HOA for whom defendants collected, provided services and property to plaintiff and owners of property in the Oak Hills Settlement as part of their ordinary course of

business is undisputed.  Exhibit 23, pg. 1.  That the purpose of the Oak Hills Settlement is residential and the property within the Oak Hills Settlement is intended for residential use only is undisputed.  Exhibit 22, pg. 6.  Plaintiff used his home and the management and maintenance services provided by the HOA for personal and family purposes, including the common areas.  Fact 18.  Defendant's demanded payment of assessments and attorney fees charged for collection of assessments from plaintiff from the sale of his home and collected those sums extra-judicially.  Fact, 111.

Elements for ORS 646.639(2)(k):   In addition to the common elements, plaintiff must prove that defendants attempted or attempted to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.

Facts to support this claim:    1.  Defendants knew or should have known that they collected assessments and attorney fees that were not owed by plaintiff as a result of the settlement agreement with plaintiff and that plaintiff paid.  Fact 77.  The settlement discharged all attorney fees owed plaintiff.  Fact 77.  Defendant collected these additional amounts in their demand to FATICO.  Fact 90.

2.  Defendant testified that the fees collected from escrow were all incurred in collecting the judgment obtained against plaintiff in the collection action.  Fact 91.  The judgment obtained by defendants included a judgment for attorney fees incurred in collecting the judgment. Fact 55.  As such, the judgment extinguished any lien for attorney fees.  ORS 94.709(7).  In order to collect attorney fees as a lien, defendants had to file and serve a request for supplemental fees to the Court for an award of such fees, provide an opportunity for objection and obtain a judgment.  ORCP 68.  Defendants did not make such a request. Defendants knew or had reason to know they had to file and serve a request for attorney fees

incurred in collecting the judgment against plaintiff because they are lawyers and had done it before. Defendant's Answer, pg. 2, para. 2, Fact 70.

3.  Notwithstanding the above, defendants cannot attempt to collect or collect their attorney fees directly from plaintiff as a lienable assessment because the collection resolution does not provide an independent basis for imposing liability for attorney fees on a delinquent homeowner, does not include a schedule or charge that the HOA imposes for attorney fees on delinquent homeowners and defendants fee agreement with the HOA does not obligate the HOA to pay anything to defendant VF for attorney fees and then pass that charge on to delinquent homeowners. Exhibit 1, Exhibit 3.  ORS 94.630(n).

Elements for ORS 639.646(m):   Plaintiff must prove that 1.  Defendants represented that an existing debt may be increased by the addition of attorney fees or other fees or charges 2.  When such fees or charges may not legally be added to the existing debt.

Facts to support this claim:  1.  Plaintiff had an existing debt of $21.50 to the HOA.  Fact 80.  Defendants represented that this debt may be increased by additional attorney fees when they sent their escrow demand to FATICO that included an additional ~$2,200.00 for attorney fees when those attorney fees could not be added to plaintiff's assessment debt, either because of the settlement, that some of the fees were denied in the collection lawsuit or because they had not submitted an additional request for attorney fees and obtained judgment in the collection suit as required by ORCP 68.  Exhibit 1, Fact 90, Fact 91, Fact 92, Fact 61, Fact 62.

2.  Defendants represented that plaintiff's HOA debt may be increased by various ledger charges for "ledger update fees" or "correspondence fees" when they included the HOA ledger in their escrow demand that provided for such charges.   Fact 88.  Those charges

could not be imposed upon plaintiff because they were not included in the collection resolution and the agreement between the management company and the HOA did not allow the management company to charge ledger update or correspondence fees.  Exhibit 26, Fact 20, Objection by Plaintiff.

Elements for ORS 639.646(2)(n):   Plaintiff must prove that defendants collected or attempted to collect any charges or fees in excess of the actual debt and those charges and fees were not expressly authorized by the agreement creating the debt or expressly allowed by law.

Facts to Support ORS 639.646(2)(n) Subsection (n) follows on subsection (m).  The escrow demands were attempts to collect the following charges in excess of the actual debt as follows:   1. The escrow demand sent by defendant VF included both a demand prepared by defendant VF and a demand prepared by the HOA.  Fact 90.   By including both demands, defendants attempted to collect charges, fees or interest (not including attorney fees) in excess of the amount owed plaintiff  by attempting to collect $469.00 when only $21.50 in assessments were actually owed (if the Court finds there is a question of fact whether a settlement was reached, then the most that would have been owed in assessments was $143.00).  Defendants then collected charges, fees or interest in excess of the actual debt (excluding attorney fees) when a.  They received the check to the HOA for $326.00 and sent it to the HOA.  Fact 114.   b. They collected and sent to the HOA $233.37 paid by plaintiff as part of the settlement. Fact 100, Fact 115    c.  They received $2,349.80 from FATICO pursuant to the demand they received and then sent to the HOA an additional $358.00 from that sum.  Fact 112, Fact 116.   The amounts collected over the $233.37 settlement payment

and a pro-rated portion of the $21.50 owed by plaintiff for underpaying the first quarter 2012 dues are charges, fees or interest in excess of the actual debt. Fact 100, Fact 90.

## II.     FDCPA Claim For Relief

Common Elements for an FDCPA Violation:   Plaintiff is a natural person.  Plaintiff is obligated or allegedly obligated to pay a debt.  The debt arises from a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes.  Defendants are debt collectors.

**Facts to Support Common Elements:** That defendants are a debt collectors is undisputed.  Fact 1.  That plaintiff is a natural person is admitted in the Answer.  That plaintiff purchased his home at Oak Hills for personal, family or household purposes is undisputed.  Fact 17.   Plaintiff used his home and the management and maintenance services provided by the HOA for personal and family purposes, including the common areas.  Fact 18, Plaintiff's Declaration Page 1. Defendants collection suit and subsequent collection activities were to collect past due HOA assessments that plaintiff owed on his home. Fact 50, Fact 17  Attorney fees charged to plaintiff and collected from the sale of plaintiff's home by defendants arose from the collection of plaintiff's delinquent assessments. Fact 91.

1. **Defendants attempting to collect the debt from escrow, without providing notice of plaintiff's right to dispute the debt is a violation of 15 U.S.C. §§ 1692g(a).**

**Elements of a 1692(g)(a) violation:**
     Plaintiff must prove that the escrow demand sent by defendants to FATICO was a communication  2. The escrow demand sent to FATICO constituted a communication with plaintiff  3. The escrow demand was an initial communication to plaintiff in connection with the collection of a debt and 4.  Defendants failed to provide the notice required by 1692(g)(a)1-5 within five days of the initial communication.

Facts to Support Elements of a 1692(g)(a) violation.  1.  Defendant's escrow payoff demand conveyed information about a debt because it demanded a sum of money arising out of plaintiff's use of his home and common areas in the community in which he lived.  Fact 90.  2. Plaintiff received the payoff demand sent by defendant VF.  Fact 104.  3.  The payoff demand sent by VF was the initial communication to plaintiff because VF's prior communications to plaintiff did not identify the debt VF demanded to be paid in its escrow demand. Fact 42, Fact 43, 67.  4.  The payoff demand sent by VF arose out of the 2012 quarterly dues that plaintiff shorted which defendants contend (disputed by plaintiff) was a default of the settlement and which revived the amounts demanded in their escrow demand. Fact 96.  5.  The payoff demand did not include the information required by 1692(g).  Fact 98.  There is no evidence that defendants had any other communication with plaintiff within 5 days of their sending the escrow demand or plaintiff's receipt thereof.  6.  If, as plaintiff argues, the settlement agreement was reached and resolved the assessments and related attorney fees defendants were collecting since issuing their first letter to plaintiff in 2009, defendants communication to plaintiff's escrow agent, although including amounts that plaintiff did not owe, was the initial communication to plaintiff in connection with the collection of a debt, because it included the $70 January 1, 2012 assessment. Exhibit 16, page 5.15 USC 1692g(a). When plaintiff made the final payment on February 22nd, 2012, on his settlement agreement, he was considered in good standing with the HOA. Fact 77, 78 and 95. His mistake in paying the $48.50 instead of the $70 created a new debt. The notice sent in 2009 did not contain any relevant information about the new debt incurred in 2012. Fact 42.  As it relates to the 2012 quarterly assessment, the 2009 letter failed to meet the requirement that the letter identify completely the consumer's obligation. Chuway v. Nat'l Action Fin. Servs., 362 F.3d 944, 949 (7th Cir. 2004).

A 1692(g) violation is viewed from the perspective of the least sophisticated consumer. The least sophisticated consumer would reasonably believe that the debt was paid and the account current. The court, not the jury, decides if a particular collection letter would deceive or confuse the least sophisticated consumer. Palmer v. Stassinos, 348 F. Supp. 2d 1070, 1084 (N.D. Cal. 2004).The escrow payoff demand did not contain the 1692g notice. Fact 98. Defendants' assertion that they were not required to notify plaintiff's counsel about the escrow payoff demand because they believed plaintiff's counsel did not represent plaintiff with regard to the payoff demand (fact 94, 104) is an admission that defendants considered that debt was a new debt. Fact 42 and 43.. The present lawsuit was filed on February 20th, 2013 in State Court. The escrow demand was served on FATICO on February 21st, 2012. Fact 90. Plaintiff received notice of the demand by February 29th. Fact 104..

2. **The attempt by defendants to collect the amounts that were not owed by plaintiff, is an unfair and deceptive practice and a violation of multiple provisions of the Fair Debt Collection Practices Act, including 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10) and 1692f, 1692f(1).**

15 USC 1692(e) is violated by false or misleading representations. Overstating the debt is a violation. Defendants payoff demand was almost entirely false in that is sought payment for debts that had already been paid or payment for amounts such as the ledger update fees and correspondence fees that were not permitted by law or contract.

Elements of 15 USC 1692e(2):  1. Plaintiff must prove that defendants made a false representation of the character amount or legal status of any debtor compensation that a debt collector may lawfully receive for the collection of debt.

Facts to support violation of 15 USC 1692(e)(2):   Plaintiff realleges the facts cited in support of the ORS 646.639(2)(m).  1962(e)(2) is violated by grossly misleading statements

and/or demands for payment. See e.g., <u>Goins v. JBC& Assocs., P.C.</u>, 352 F. Supp. 2d 262, 269 (D. Conn. 2005) demand for $10k on $400 debt violates e(2). Defendants demand for, and collection of $2,801 when at most $21.50 was owed as well as the representation that any attorney fees could legally be collected by a lien when all liens were settled or limited by judgment violates e(2). Lastly, the representation that attorney fees could be collected from the sale of plaintiff's home when any attorney fees were settled or without filing and serving a request for additional attorney fees in the collection suit and obtaining a judgment for the same as required by ORCP 68 constituted a false representation that defendants were entitled to compensation for collecting a debt from plaintiff. 15 USC 1692e(2)(b).

 Elements of 15 USC 1692e(4): Plaintiff must prove that defendant represented or implied that nonpayment of any debt will result in seizure or attachment of any property, that the representation was false and that the seizure or attachment of plaintiff's property was unlawful.

 Facts to Support a violation of 15 USC 1692e(4): Plaintiff relies on the same facts supporting violations of ORS 646.639(2)(k) and (m) to support this violation.

 Elements of a 15 USC 1692e(5) violation. Plaintiff must prove that defendants threatened an action and that the action threatened could not legally be taken.

 Facts to support a violation of 15 USC 1692e(5): Plaintiff relies on the same facts recited in support of the violation of ORS 646.639(2)(k).

 Elements 15 USC 1692e(10) violation. Plaintiff must that defendant used a false means or representation to collect any debt.

 Facts to support a violation of 15 USC 1692e(10): Plaintiff relies on the facts recited in support of the violations of ORS 646.639(2)(k), (m) and (n) in support of this violation.

Elements of 15 USC 1692f. Plaintiff must prove that defendants used unfair or unconscionable means to collect or attempt to collect a debt.

Facts to support a violation of 15 USC 1692f: Plaintiff relies on the facts recited in support of the violations of ORS 646.639(2)(k), (m) and (n) in support of this violation. See for e.g. Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) finding time barred lawsuit violates 1692f because consumer likely to give up rather than fight lawsuit due to the difficulty of fighting. Here plaintiff did not want to fight if it meant jeopardizing the sale of his home. Declaration of Porras pg 3.

Further, defendants deceptively omitted telling plaintiff's attorney that they had submitted a demand that was based on defendants' perceived breach of the settlement agreement. Fact 98. Defendants unilaterally inserted terms into the settlement agreement that were never presented to plaintiff such as a supposed clawback provision if plaintiff missed a regular assessment in the next 18 months. Amended Exhibit 13, pg. 29. See generally, Bridge City Fam. Med. Clinic v. Kent & Johnson, LLP COA A155048(3/25/2015)[1]. Collecting those sums by demanding payment out of escrow to release the HOA lien and permit plaintiff to sell his home is abusive, unfair and deceptive.

3. **As a result of the violations plaintiff has suffered economic damages per 15 U.S.C. § 1692k(a)(1) and ORS 646.641 of $2,349.80 and $326.91 plus prejudgment interest on the economic damages.**

Plaintiff calculates the actual economic damages as stated in his previously filed materials. Even if the Court were to accept defendants arguments that they were entitled to the attorney fees they took from escrow, defendants still overcharged. First, the attorney fees were calculated from defendant VF's collection ledger. Fact 61, Fact 62. That is the ledger defendants failed to

---

[1] http://www.publications.ojd.state.or.us/docs/A155048.pdf

Plaintiff's Statement of Claims and Defenses re: MSJ - 9

record the attorney fee write down from Judge Bailey in the collection lawsuit. Fact 61. Second, defendants sent both a demand for HOA assessments in their escrow demand and the HOA's demand for payment of assessments. Fact 90. The title company paid both. Fact 111. While defendant Montag testified that the HOA ledger sent to FATICO was back up, FATICO sent a check to VF for that sum as well as the $143.00 provided in the VF demand. Exhibit 58, pg. 41-42, lines 19-25, lines 1-22, Fact 111. Defendant Montag initialed receipt of the disbursements from FATICO, but VF sent the check FATICO provided to pay the HOA demand to the HOA rather than return it to FATICO. Exhibit 16, pg. 1, Fact 114. Further still, when defendant VF disbursed the balance of the proceeds received from escrow from their trust account, they had already disbursed payments made by plaintiff after the escrow demand and, though VF knew plaintiff had sold his home, VF disbursed an additional $356.00 to the HOA rather than refund the money to plaintiff. Fact 86, Fact 90 (included a transfer fee), Fact 115, Fact 116   No matter what they are called, these are clearly charges that were assessed against plaintiff that were not allowed by any agreement or by law and were well in excess of any debt owed by plaintiff.

### III. THIRD CLAIM FOR RELIEF: MONEY HAD AND RECEIVED OR CONVERSION

4. **Defendants actions constitute an intentional and wrongful taking of plaintiff's money and entitle him to the economic damages of $2,349.80 and $326.91 and punitive damages.**

Conversion requires the intentional taking of the funds without a right to those funds. As defined by the Court of Appeals Conversion is "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Beall Transp. Equip. Co. v. S. Pac. Transp., 186 Or. App. 696, 706, 64 P.3d 1193, 1199 (2003). A party's indedetdness to

another is insufficient to state a claim for conversion. However, wrongful garnishment, which involves the intentional act of taking someone's money as well as exercising dominion over another's funds held in trust. Barraza v. Law Offices of Smith & Gopin, 918 S.W.2d 608, 611 (Tex. App. 1996) holding funds represented by the settlement check were subject to conversion.

A claim for Money Had and Received is stated as plaintiff had the money and defendant received the money without the right to it. "The test is whether the defendant has a right to retain the money, not whether he acquired possession honestly or in good faith. If the money belongs to plaintiff and defendant can show no legal or equitable right to retain it, he ought in equity and good conscience to pay it over." Smith v. Rubel, 140 Or. 422, 428-29, 13 P.2d 1078, 1080 (1932)citing *Ancient Order of United Workmen v. Towne*, 136 Minn. 72 (161 N.W. 403, L.R.A. 1917E, 345).

Plaintiff relies on the facts cited in support of the violations of ORS 646.639(2)(k), (m) and (n) to support his motion for summary judgment on his claim for conversion and money had and received.

## IV. AFFIRMATIVE DEFENSES

**"Unclean Hands defense"**

> The doctrine of "unclean hands" bars a party from recovery on an otherwise valid claim if that party "has engaged in misconduct in connection with the matter for which he or she seeks relief." *Burgdorf v. Weston*, 259 Ore. App. 755, 764, 316 P3d 303 (2013), *rev den*, 355 Ore. 380, 328 P.3d 696 (2014). Among other things, for the doctrine to apply, "the misconduct must be serious enough to justify a court's denying relief on an otherwise valid claim. Even equity does not require saintliness." *North Pacific Lumber Co. v. Oliver*, 286 Ore. 639, 651, 596 P2d 931 (1979) (noting that court has applied the doctrine when a plaintiff's conduct constituted a crime, fraud, or bad faith). Vukanovich v. Kine, 268 Or. App. 623, 639, 342 P.3d 1075, 1085-86 (2015)

There are no facts in the record to support any type of misconduct in connection with the claims he has asserted against defendants.

**"Estoppel Defense."** This fails as well, from the same case:

> The doctrine of estoppel is similar. It can preclude a person from asserting a right to recovery that the person otherwise would have had if (1) the person, through conduct or statements, makes a false representation; (2) the party making the representation has knowledge of the true facts; (3) the other party is unaware of the true facts; (4) the party making the representation intended for the other party to rely on it; and (5) the other party was induced to act upon the false representation. *Id*, citing to *Day v. Advanced M&D Sales, Inc.*, 336 Ore. 511, 518-19, 86 P3d 678 (2004).

Factual Support:   Plaintiff expressly objected to the taking of his money and conveyed that through his escrow agent to defendants. Fact 104, Fact 105.

**"Failed to pay the Lien defense."** Plaintiff relies on the factual assertions provided in support of his claims under ORS 646.639(2)(k), (m) and (n) to support his motion as it relates to this defense. There are no facts in the record to support that a lien existed in the amounts taken by defendants from the sale of plaintiff's house.

**"Charges were legal defense."** As explained, they were not. Plaintiff relies on the factual assertions in support of his claims under ORS 646.639(2)(k), (m) and (n).

**"Not material defense."** Taking one dollar of plaintiff's money that is not owed is a material violation and a material misrepresentation as to the amount owed. *Donohue* identified that if the debt was calculated correctly but the collector failed to separate pre and post assignment interest correctly it was harmless error. The important part was stating the correct amount. Defendants representation that they could collect the payoff demand was materially false because they had no right to those funds. At the time defendants collected the additional attorney fees from the sale of plaintiff's home, plaintiff owed no attorney fees to defendant. Defendants collected a total $963.87 for assessments between the payments made by plaintiff as part of the settlement the sums collected from the sale of plaintiff's home and sent to the HOA. Plaintiff only owed $303.37 in assessments for 2011 and the first quarter of 2012.

**"In compliance with FDCPA."**  Plaintiff relies on the facts recited in support of his claim under ORS 646.639(2)(k), (m) and (n) to demonstrate that defendants did not act in compliance with the FDCPA.

**"Good faith."** Defendants have not identified any reliance on a third party professional in any decision that they made to the proceeds from the sale of plaintiff's home as required to support a good faith defense.   United States v. Exxon Corp, 94 F.R.D 246 (D.D.C. 1981).

**"Conduct of plaintiff."**  There are no facts to support that plaintiff's conduct caused defendant's to take more money than he owed to them or the HOA.

**"Conduct of others."** Defendants acted solely at their own discretion in taking and disbursing the sums they did from the sale of plaintiff's home.  Fact 90, Fact 111, Fact 114, Fact 115.  There is no evidence that any third party directed defendants to collect the sums that they did from escrow or disburse those same funds as they did.

**"BFE."**  Defendants deny they made a mistake. Fact 119.

**"Failed to Mitigate."** Had defendant lost the sale of his house by delaying it to engage in protracted litigation with defendants, defendants would insist that he failed to mitigate his damages. Plaintiff allowed the sale to proceed because he perceived that was the only way to extract himself from defendants' abuses. Fact 69.

**"Funds tendered and refused."** Defendants' tender required plaintiff to release his claims against them. That is not a tender that he has a duty to accept. The only evidence relied upon by defendants in support of this defense are settlement communications.   Fact 127, Plaintiff's objection.

**DEFENDANT'S MOTION:**

    **I.**    **It is a debt as that term is used by 1692 and 646.639**

Plaintiff's Statement of Claims and Defenses re: MSJ - 13

The obligation to pay the assessments arises from ownership of property that is subject to the HOA governing documents. That property was purchased with the intent to live there and plaintiff in fact lived there with his family. Fact 17-18. The homeowners have a 100% undivided inalienable interest in the common areas. Fact 10. The common areas are part of their home. Thies v. Law Offices of William A. Wyman, 969 F. Supp. 604, 608 (S.D. Cal. 1997). Newman v. Boehm, Pearlstein & Bright Ltd., 119 F. 3d 477 (7th Cir. 1997). Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 698 F.3d 290, 291 (6th Cir. Mich. 2012). Further still, plaintiff and his family made use of the common areas for their personal and household or family purposes. Plaintiff's purpose in incurring the obligations and use of his home and the common areas is consistent with the definition of a debt under the FDCPA. The analysis is the same for the OUDCPA definition.

**2. The debts collected were the result of a transaction.**

Defendants were colleting a debt. The additional attorney fees that were charged and collected by defendants were attorney fees charged for collecting the HOA assessments. Fact 91. Thus, they arose out of a transaction. Medialdea v. Law Office of Evan L. Loeffler PLLC, 2008 U.S. Dist. LEXIS 109013, 6-8, 2009 WL 1767185 (W.D. Wash. June 19, 2008)

**3. Punitive Damages. Defendants actions as alleged herein were willful, wanton and a reckless disregard of plaintiff's rights and entitle plaintiff to punitive damages under ORS 646.641(1).**

The jury gets to consider punitive damages if defendants acted willfully or with reckless disregard of plaintiff's welfare. Bennett v. Reliable Credit Ass'n, 125 Or. App. 531, 534, 865 P.2d 496, 498 (1993) finding that evidence of collecting charges from a consumer where a third party failed to provide and obtain the disability and credit life insurance policy for which the

consumer was being charged was sufficient for allowing a jury to consider punitive damages. In that case the creditor had returned the money unlike here, but the Oregon Court of Appeals affirmed an award of punitive damages anyway. Id.

The facts recited in support of plaintiff's claims under ORS 646.639(2)(k), (m) and (n) demonstrate and intentional disregard for plaintiff's welfare and a malicious disregard for his rights. In addition, the following facts support a pattern of conduct that is both a willful and intentional disregard of the rights of plaintiff. Defendant Montag refused to respond to plaintiff's attorneys question about how much defendants were requesting for plaintiff's short pay of the 2012 first quarter assessment. Fact 98. Defendant's failed to acknowledge or respond to plaintiff's contention that he had paid them pursuant to the settlement agreement. Fact 105. Defendants attempted to get plaintiff to sign a confession of judgment that was not permitted Oregon law. Fact 46. Defendants overstated the amount of attorney fees plaintiff had to pay in October 2011 to "settle" their collection costs than they requested from the state Court in December 2011 when requesting supplemental attorney fees. Fact 68, Fact 70. Defendants knew that Judge Bailey had denied them approximately $500.00 in attorney fees in the collection lawsuit, but only wrote down the attorney fees that plaintiff owed in the judgment ledger while keeping a separate collection ledger. Fact 56, Fact 57, Fact 61. Defendants had a practice of only writing down denied fees on their judgment ledger, not on the collection ledger. Fact 62 (disputed). Defendants collected the attorney fees denied by Judge Bailey in the escrow demand. Fact 62. Defendants knew plaintiff had sold his home, but when disbursing money from the sale of plaintiff's home defendant's sent clear overcharges to the HOA rather than the title company or returning the funds to plaintiff. Fact 86, Fact 90, Fact 111, Fact 115, Fact 116, 117 Exhibit J, pg. 1.    All of the above facts show a willful, wanton and/or reckless disregard for the rights

of plaintiff. Oregon's unlawful debt collection practices act is a legislative determination that violations of the act, subject a defendant to punitive damages. Demonstrating that the violations of the OUDCPA for which the legislature has determined are sufficiently egregious to warrant punitive damages were not the result of a mistake is sufficient to defeat summary judgment that defendant's conduct was a willful, wanton, intentional or reckless disregard of the rights of plaintiff secured by the OUDCPA and to leave the question for the jury. <u>Lithia Medford LM, Inc. v. Yovan</u>, 254 Or. App. 307, 324, 295 P.3d 642, 651 (2012).

**4.    Plaintiff is not barred from challenging defendant's authority to collect the attorney fees taken from the sale of his home.**

Oregon codified claim preclusion at ORS 43.130. The collection lawsuit expressly relied upon the collection resolution only to the extent it provided for a 5% late fee and 12% interest rate. Fact 51. The authority for charging collection costs and attorney fees was alleged to stem from the CCR's, Bylaws, and the "Act." Fact 51. Defendants cannot rely on claim preclusion as preventing the court from interpreting the Collection Resolution to not be a source of non-litigation attorney fees that can be self-imposed by defendants on plaintiff's homeowner's account. <u>Ram Tech. Servs. v. Koresko</u>, 240 Or. App. 620, 632, 247 P.3d 1251, 1258 (2011)

The funds taken from escrow and attributed to attorney fees were not awarded by a court, except as to the supplemental judgment and consideration of the right to claim those funds is not barred by claim or issue preclusion because of the settlement agreement with plaintiff.

Dated this April 3rd, 2015

/s/ Bret Knewtson
Bret Knewtson, OSB 03355

Service on April 3rd, 2015, by ECF on the following:
Mark G. Passannante    markpassannante@msn.com  Robert E.
Sabido    rsabido@cosgravelaw.com, jsouth@cosgravelaw.com, mivie@cosgravelaw.com
Shane P. Swilley    sswilley@cosgravelaw.com, jhicks@cosgravelaw.com